UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADAM GRABHORN,

                           Plaintiffs,

      - against -



THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, TANYA MEISENHOLDER,
JAY VARMA, MAYOR BILL DE BLASIO, MAYOR
ERIC ADAMS, In their professional and individual
capacities,

                         Defendants.
------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

       The Plaintiff ADAM GRABHORN ("Plaintiff") by and through his attorneys, BERLINGIERI LAW, PLLC, as and for his Complaint in this action against the Defendants THE CITY OF NEW YORK, ("the City"), NEW YORK CITY POLICE DEPARTMENT, ("NYPD"), TANYA MEISENHOLDER, ("Meisenholder"), JAY VARMA, ("Varma"), MAYOR BILL DE BLASIO, ("d    e Blasio"), MAYOR ERIC ADAMS, ("Adams"), in their personal and professional capacities respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1.     This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to his by federal and state law, and complains for causes of action of: (i) violation of the Free Exercise Clause of the First Amendment of the United States Constitution ("First Amendment"); (ii) violation of Equal Protection rights under the First Amendment; (iii) retaliation under the First Amendment; (iv) 42 U.S.C. § 1983 violation of Plaintiff's First Amendment right to the free exercise of religion; (v)

Monell violation under 42 U.S.C. § 1983; (vi) retaliation under 42 U.S.C. § 1983; (vii) violation of the Free Exercise Clause of the First Amendment of the Constitution of the State of New York ('State Const. First Amend."); (viii) violation of Equal Protection rights under the State Const. First Amend.; (ix) discrimination and disparate treatment based on religion, Article 15 of the Executive law the New York State Human Rights Law ("NYSHRL") § 296, et seq.; (x) retaliation under NYSHRL; (xi) aiding and abetting under NYSHRL; (xii) discrimination and disparate treatment based on religion under the New York City Human Rights Law ("CHRL") § 8-107 et seq., New York City Admin. Code, Ch. 1 - § 8-107; (xiii) retaliation under CHRL, (xiv) failure to engage in the cooperative dialogue under CHRL § 8-107(28); (xv) aiding/abetting/inciting/compelling/coercing under CHRL; (xvi) interference under CHRL; (xvii) *respondeat superior* under CHRL § 8-107(13); (xviii) and any other claims(s) that can be inferred from the facts set forth herein.

2.    Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3.    Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction as this case involves a federal question under The United States Constitution, 42 U.S.C. § 1983 as amended, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.    This Court also has diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff is a resident of the State of Tennessee and all Defendants are residents of New York, are completely diverse and the amount in controversy exceeds $75,000.00.

6.     This Court has supplemental jurisdiction under the State laws of New York. This Court has supplemental jurisdiction over Plaintiff's related claims arising under NYSHRL, CHRL and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, and Defendants were and are located in this District.

## THE PARTIES

8.     Plaintiff, a former New York City housing police officer, at all relevant times was a resident of the State of New York, County of Suffolk, and is currently a resident of the State of Tennessee.

9.     Defendant the City of New York is a New York municipal corporation organized and existing under and by virtue of the laws of the City and State of New York with its principal office located at 100 Church Street, New York, New York 10007.

10.     Defendant the New York City Police Department is a police department for the City of New York organized under the laws of the State of New York head quartered at 1 Police Plaza New York, New York 10038.

11.     Defendant former NYPD Deputy Commissioner of Equity and Inclusion Tanya Meisenholder at relevant times (as proscribed below) herein was the head of the NYPD's division responsible for handling NYPD accommodation requests and where she set department policy, and exercised managerial or supervisory authority over Plaintiff. Upon information and belief her residence is located at 132 Jerusalem Avenue, Massapequa Park, NY 11762.

12.     Defendant former New York City "COVID-19 Czar," Jay Varma, was New York City's former senior health advisor and as COVID-19 Czar he set policies affecting Plaintiff's

employment as a City employee. Upon information and belief his residence is located at 51 Lincoln P1 Apt 4, Brooklyn, NY 11217.

13.     Defendant, former Mayor Bill Di Blasio, was the Mayor of New York City where he set policies affecting Plaintiff's employment as a City employee. Upon information and belief his residence is located at 51 Lincoln P1 Apt 4, Brooklyn, NY 11217.

14.     Defendant, Mayor Eric Adams, was and is the Mayor of New York City where he set policies affecting Plaintiff's employment as a City employee. Upon information and belief his office address c/o Corporation Counsel 100 Church Street, New York, New York 10007.

## BACKGROUND FACTS

15.     Plaintiff commenced his employment with the NYPD as a police officer on or about January 7, 2008 until his wrongful termination on or about September 15, 2022.

16.     Plaintiff's religion is Christianity.

17.     Plaintiff is a devout Christian.

18.     Plaintiff disclosed to Defendants that he was a person of faith.

19.     Plaintiff maintains sincerely held religious beliefs that do not allow him to be vaccinated.

20.     Plaintiff worked his entire career in the NYPD's housing unit in multiple boroughs.

21.     During Plaintiff's honorable career with the NYPD, Plaintiff was first assigned to Police Service Area ("PSA 2") PSA2 Brooklyn as a patrol officer and subsequently assigned to PSA 3 Brooklyn, PSA 9 Queens, and PSA 7 Bronx. At PSA 9 Plaintiff continued with patrol and earned the title of field training officer, and neighborhood coordination officer, involving community interactions and working with local leaders. After attending investigation courses Plaintiff earned investigation qualifications with the NYPD and assisted with investigations with local precinct detective squads.

22.    Plaintiff received awards from local and City leaders for his good work in the community and received letters of appreciation from local District Attorneys on particular cases that Plaintiff assisted on.

23.    Plaintiff also received two exceptional police duty (EPD) medals and a meritorious police duty medal (MPD) and a further recognition of a notable and documented incident involving providing lifesaving care by application of tourniquets to multiple incidents of gunshot victims while working at PSA 7 in the Bronx.

24.    On October 20, 2021, the New York City Department of Health and Mental Hygiene ("DOHMH") DOHMH Commissioner issued an Order[1] requiring City employees, including those of NYPD, to receive COVID-19 vaccinations on or before Friday, October 29, 2021 (the "Vaccine Mandate").

25.    The Vaccine Mandate further provided that "[a]ny City employee who has not provided...proof [of vaccination] must be excluded from the premises at which they work beginning on [Monday,] November 1, 2021".

26.    The Vaccine Mandate permitted City employees to apply for a reasonable accommodation to be exempt from vaccination for medical and religious reasons.

27.    Plaintiff sought accommodation[2] based on religion to the Defendants' COVID-19 vaccination policy for the NYPD.

28.    Plaintiff submitted his accommodation request to the NYPD office of Equal Employment Opportunity ("OEEO"), which is a sub-unit of the Office of Equity and Inclusion.

---

[1] *See* "Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain City Contractors," dated October 20, 2021 (available at https://www.nyc.gov/assets/doh/ downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf) (last accessed December 31, 2024).
[2] Plaintiff is unvaccinated from the COVID-19 virus (SARS-CoV-2) and refuses to take the vaccine due to his sincerely held religious beliefs but would have used a mask and submit to weekly testing as a feasible alternative, if required by the Defendants.

29.     Headed by Defendant Meisenholder at all relevant times, the Office of Equity and Inclusion is responsible for promoting a workplace that is free from discrimination and harassment.

30.     On or about October 21, 2021, Plaintiff submitted a written request[3] for accommodation for the COVID-19 Vaccine Mandate to the NYPD based on religion.

31.     The NYPD had an accommodation form for employees seeking accommodation.

32.     The form asked Plaintiff to "Describe your religious belief/practice/observances and identify the accommodation(s) you request."

33.     Plaintiff checked the "Religious" box on the NYPD accommodation form and wrote : "the religious belief that i (*sic*) uphold is that of the Christian faith based on the holy bible and i (*sic*) am requesting accommodation in regards to the covid-19 vaccine mmandate (*sic*)."

34.     The form asked Plaintiff to "Identify the situation which requires accommodation: Please be specific. Attach additional sheets of paper, if necessary".

35.     Plaintiff wrote in support of his accommodation request based on religion "The situation that needs to be accommodated is that of being mandated to take the covid-19 vaccine or anyother (*sic*) vaccine to be forced into my body. i (*sic*) believe that the scriture (*sic*) for which my faith resides in is the inspired, infallible and authoritative word of God as cited in 2nd Timothy 3: 16-17. As a christian (*sic*) we have the responsibility to keep our bodies sacred from all outside influance (*sic*) including that of food, vaccines, or anything that keeps the body from being unholy an pure. (1 Corinthians 3: 16-17). In additon (*sic*) my belief of Jesus being the essence (*sic*) and everything i (*sic*) need and if I (*sic*) ask of anything or need anything it would be provided. (Matthew 7: 7). I hold fast to the statement for which my lord made when he stated on his sermon on the mount in (Matthew 6: 25-34) which is satated (*sic*) not to worry about

---

[3] Plaintiff's religious accommodation form is appended hereto as <u>Exhibit A</u>.

anything in this life for Jesus our lord an (*sic*) savior will provide us with everything one needs in this life."

36.     The form requested the duration of the accommodation requested and whether the accommodation would be temporary, Plaintiff checked the box for temporary.

37.     The form further asked "Describe the nature of reasonable accommodation requested and how the accommodation will assist you to perform the essential functions of the position held or desired, or to enjoy the benefits and privileges of employment. Please be specific. (Attach additional sheets and present supporting documentation as appropriate)."

38.     Plaintiff wrote in support of his accommodation request: "This accommodation request will assist me in performing my essential duties as a police officer as it has for my entire career thus far. As someone who believes that what the scriptures say is infalliable (*sic*) we are commanded by our savior Jesus to ask for what we need and it will be given, this includes the healing of ones body provided by nature and that of prayer. ( Matthew 7: 7-8 and James 5: 14-15). The blood which is in us is the sacred ife (*sic*) of everything and given to us by God our bodies which are made in the image of God are to remain pure as it is a temple of Gods holy spirit which dwells in us. (Genesis 1:26-27, 1 Corinthians 6:19) Taking the covid 19 vaccine or being mandated or froced (*sic*)to take any other, would violate the belief i (*sic*) have in defiling my body. I hold fast to the fath (*sic*)that i (*sic*) have in Jesus that nothing is impossible when your faith is put in the very manifested word of the living God which is to include the healing of ones sickness, This is no more clearly expressed then in (Mark 5: 25-34), when a woman suffering froma (*sic*) bleeding aliment for 12 years who was seen by mutliple (*sic*) doctors and never got any better. This was until she was healed by Jesus and the sincere faith she had in Jesus healed her (Mark 5: 34)."

39.    Plaintiff was permitted to continue to work after he submitted his religious accommodation request and complied with the Defendants' mask and testing protocol requirements for continued employment with the NYPD.

40.    Defendants denied Plaintiff's religious accommodation request in or around late 2021.

41.    Defendants failed to analyze or engage in a cooperative dialogue with Plaintiff regarding his religious accommodation requests.

42.    Upon information and belief Defendant Meisenholder in acted in a discriminatory manner by directing the denial of Plaintiff's and other employees' religious accommodations.

43.    Upon information and belief Defendant Meisenholder has made public statements about "knuckle draggers" within the NYPD workforce as a derogatory term towards male police officers of faith on a podcast.

44.    Defendants' denial notification at Mesienholder's direction  had no details relating to Plaintiff's request rather simply had a checked box for denied ["Does Not Meet Criteria"] and among other boilerplate terms falsely indicated that Plaintiff failed to show a history of prior vaccine exemption (despite his Hepatitis B vaccine exemption) based on religion as part of the denial.

45.    Defendant de Blasio used coercive tactics while promoting the COVID-19 vaccines to New Yorkers including the Plaintiff during a press conference[4] / COVID-19 briefing on or about May 13, 2021, where Defendant de Blasio offered free fries from Shake Shack to individuals who got vaccinated. "A lot of people are ready to get vaccinated; they just haven't gotten around to it yet, they need a little extra incentive, and we're doing that now."

46.    Defendant de Blasio set municipal policy for Defendant City of New York while promoting the vaccine without regard to individuals' and Plaintiff's religious rights.

---

[4]*See,* https://www.cbsnews.com/news/covid-vaccine-new-york-shake-shack-fries/  (last accessed January 6, 2024).

47.    By threatening to punish Plaintiff as a Christian for exercising his religious rights in connection with his personal religious decisions.

48.    Defendants' policies and practices disparately affected individuals including Plaintiff exercising their religious liberties, specifically their Christian faith.

49.    Defendant de Blasio stated in or around December 6, 2021 while introducing the City's private employer mandate that [5] "Vaccination is the way out of this pandemic" and "From workplace mandates, to $100 incentives, to mobile and at-home vaccination offerings, no place in the nation has done more to end the COVID era. And if you have not taken this step yet: there's no better day than today to stand up for your city."

50.    Plaintiff timely submitted his appeal to the denial of his religious accommodation request on an NYPD work computer in late 2021 / early 2022.

51.    Plaintiff was permitted to continue to work during the pendency of his appeal and comply with the Defendants mask and testing protocol requirements.

52.    During this time, Plaintiff was in active communications with his union and police benevolent association representatives who indicated that Defendants would not be granting religious exemptions and that the appeal would be denied and that early retirement was possible.

53.    Plaintiff continued to work, however was forced due to NYPD pressure to retire and officially put in his retirement paperwork in or around June 3, 2022, understanding that the NYPD would not grant his accommodation request in order to preserve his rights and use his accruals. If Plaintiff was placed on LWOP he would not be entitled to retirement or accruals.

54.    Due to impending WOP and termination, Plaintiff thereafter began to exhaust his accruals prior to the LWOP date.

---

[5] *See,* https://www.nyc.gov/office-of-the-mayor/news/807-21/mayor-de-blasio-vaccine-mandate-private-sector-workers-major-expansions-to (last accessed January 6, 2024).

55.    On July 14, 2022, Defendants emailed[6] Plaintiff his appeal denial letter "First Notice of Denial from MEO Leave", informing him that his religious accommodation request was denied, that the Defendants were offering vaccines for free and that he would be placed on leave without pay (LWOP) starting on July 20, 2022 and that if Plaintiff failed to produce or submit proof of vaccination by July 22, 2022 "the City of New York will terminate your employment."

56.    On July 15, 2022, Defendants' MEO office contacted Plaintiff stating "PO Grabhorn, We are confirming you can disregard the notice and deadlines below. You are currently running your time to vested separation and you will not be placed on leave without pay or face termination. We have attached your pension notice for you here as requested. Thank you for your service and be safe out there."

57.    Defendants' policies promoting vaccinated forced Plaintiff to retire or go against this religious beliefs and resulted in adverse employment action "vested separation" for Plaintiff refusing to compromise his religious principles.

58.    The Defendants' LWOP deadline after the denial of Plaintiff's religious accommodation appeal, both of which were premised on municipal policy enacted and enforced by final decision makers such as Defendants Adams, de Blasio, Meisenholder and Varma forced Plaintiff and other NYPD officers who protected and served the City into premature forced retirement due to his religious beliefs caused Plaintiff extreme emotional distress.

59.    Upon information and belief, the policy to deny Plaintiff's and other religious employee's accommodation requests was implemented and enforced by the Equal Employment Opportunity Division, which Defendant Meisenholder was Deputy Commissioner of at the time, denied his religious accommodation with no legal or factual reason as to why.

---

[6] Email dated July 14, 2022, from the NYPD's "Mayors Executive Order Leave Desk" to Plaintiff is appended here to as Exhibit B.

60.     The Equal Employment Opportunity Division failed to follow any statutory requirements, failed to show what if any undue hardship would be imposed by accepting reasonable accommodation request and failed to engage in the requisite cooperative dialogue with the Plaintiff.

61.     Plaintiff did not receive the COVID-19 vaccine due to his religious beliefs and could not return to work, Plaintiff last day of employment with the NYPD was September 15, 2022, as a forced early retirement, NYPD wrongfully terminated Plaintiff's employment.

62.     Defendants' denial of Plaintiff's religious accommodation request was arbitrary and capricious.

63.     Defendants utilized employees with little to no experience to sign off on the religious accommodation requests including Plaintiff's request and other NYPD officers without ever even reviewing them or reading their comments in detail.

64.     The Defendants' July 14, 2022 denial email to Plaintiff is too general and conclusory for to relate to Plaintiff's request for accommodation.

65.     Several New York State courts[7] have ruled that the Defendants' actions to deny religious accommodations were arbitrary and capricious with respect to the COVID-19 employee mandate. *See*, *Cepeda v. The City of New York,* 2023 N.Y. Slip Op. 30360 (N.Y. Sup. Ct. 2023)(finding Defendants denial of Plaintiff's religious accommodation request was arbitrary and capricious.) *see also, Stewart v. The N.Y.C. Police Dep't*, 2022 N.Y. Slip Op. 33822 (N.Y. Sup. Ct. 2022)("The petition is granted to the extent that petitioner is entitled to a religious

---

[7] Several NYPD employees have brought successful Art. 78 petitions challenging NYPD's denial of religious accommodation and exemption requests. S*ee e.g.  Fahy v. The City of New York*, 79 Misc. 3d 1219, (N.Y. Sup. Ct. 2023), *Agugliaro v. Adams*, 2023 NYLJ LEXIS 421 (Sup. Ct., N.Y. County 2023); *Grullon v. City of N.Y.*, 2023 NY Slip Op 30376(U) (Sup. Ct.. N.Y. County 2023); *Duarte v. Adams*, 2023 NY Slip Op30957(U) (Sup. Ct., N.Y. County 2023); *Anderson v. Adams*, 2022 NY Slip Op 33614(U) (Sup. Ct.. N.Y. County 2022); *Brosseau v. N.Y.C. Police Dept.*, 2022 NY Slip Op 33734(U) (Sup. Ct.. N.Y. County 2022); *Sutliff v. Adams,* 2022 NY Slip Op 33644(U) (Sup. Ct.. N.Y. County 2022); *Deletto v. Adams*, 2022 NYLJ LEXIS 1306 (Sup. Ct., N.Y. County 2022).

exemption from the COVID-19 Vaccine Mandate."), *Handle v. The City of New York*, 2023 N.Y. Slip Op. 32392 (N.Y. Sup. Ct. 2023).

66.    The NYPD should have granted Plaintiff's religious accommodation request.[8]

67.    Defendants failed to set a policy that was inclusive of religious beliefs.

68.    The NYPD and the City of New York permitted medical accommodations to the COVID-19 vaccine and upon information and belief engaged in the cooperative dialogue and interactive process with employees seeking medical accommodation but not for Plaintiff or other employees seeking religious accommodation.

69.    On February 9, 2023, Defendant New York City amended its vaccine mandate and no longer requires City employees to show proof of vaccination to enter workplaces, thereby mooting many of the pending Article 78 petitions, but Courts ruling on the issue still found NYPD were arbitrary and capricious in the denials.[9]

70.    Defendants Varma, Meisenholder, de Blasio and Adams aided and abetted discrimination against Plaintiff based on religion by enforcing, developing and enacting policies that failed to recognize and in fact discriminated against Plaintiff's religious rights.

---

[8] Plaintiff did not challenge NYPD's denial of his request for religious exemption or accommodation in a CPLR Art.78 proceeding.

[9] *See Fahy* 79 Misc. 3d at 1219 ("However, if this decision is appealed and Petitioner's Verified Petition is found *not* to be moot by the Appellate Division, Second Department, this Court would find that Respondent City's August 31, 2022 decision denying Petitioner's appeal of NYPD's denial of her request for a reasonable accommodation and exemption from the Covid-19 vaccination requirement was arbitrary and capricious and without a rational basis. But for its determination that the instant matter is moot, this Court would otherwise hold that the City's determination was without sound basis in reason and without regard for the facts included in Petitioner's papers, namely that taking the vaccine would violate her Catholic religious belief that the vaccines were developed or tested using cells from fetuses. This is because the City's purported reason at that time for denying Petitioner is simply a checked-box labeled "Does Not Meet Criteria", without identifying the criteria Petitioner had failed to meet, or to provide any details or support for its determination. The denial does not specify whether the unsatisfied criteria were based on the initial denial of Petitioner's request, as there is no mention of the initial denial. The Court is unable to assess whether the Appeals Panel incorporated the reasons checked off in the initial denial form, which included "insufficient or missing religious documentation," "written statement does not set forth how religious tenets conflicts with vaccine requirement," and "no demonstrated history of vaccination /medicine refusal."")

71.    Defendants Varma, Shea, Sewell, Meisenholder, de Blasio and Adams created a municipal policy to deprive Plaintiff of constitutionally proscribed rights to free exercise of religion.

72.    Defendants Varma, Meisenholder, de Blasio and Adams made statements about the effectiveness of the COVID-19 Vaccine Mandate stopping the spread of the virus.

73.    Defendant Varma is a medical doctor who made knowingly false statements about the efficacy of the vaccine in support and furtherance of Defendants' COVID-19 Vaccine Mandates and developed and implemented the COVID-19 public employee mandate.

74.    Defendant Varma has publicly admitted to engaging in misconduct by disobeying the City's COVID-19 lockdown measures and attended unauthorized parties and events during the height of the pandemic.

75.    Defendants' choice not to accept or engage in an interactive process / cooperative dialogue with Plaintiff and other similarly situated individuals who submitted religious accommodation requests, but to grant medical exemption requests without regard to Plaintiff's rights under the Constitution and Sec. 1983 violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

76.    The process utilized by Defendants have failed to articulate the reason why Plaintiff's accommodation request was denied or how granting his accommodation was unduly burdensome test, or under an equal protection challenge satisfy the much more difficult business necessity test.

77.    Under strict scrutiny, it also must be very narrowly tailored or the least restrictive means for achieving the compelling objective.

78.    Even under the rational basis standard, the targeting of one employment sector, here public employees for denial of religious accommodation is not rational.

79.    As described by New York State Judge Ralph Porzio, referring to "a different decision for similarly situated people based on identical facts," in ordering the reinstatement of New York City sanitation workers: "There is nothing in the record to support the rationality of keeping a vaccination mandate for public employees, while vacating the mandate for private sector employees or creating a carveout for certain professions, like athletes, artists, and performers. *Garvey v City of New York*, 2022 NY Slip Op 22335 (Sup Ct, Richmond County*, Porzio, J.*).

80.    By failing to consider reasonable religious accommodations, Defendants have deprived Plaintiff of his constitutionally protected rights to equal protection and religious exercise.

81.    Defendants have engaged in overt acts to deprive Plaintiff of his civil rights by failing to engage in the interactive process / cooperative dialogue and terminating Plaintiff's employment.

82.    Classifications that "impinge upon the exercise of a fundamental right" are "presumptively invidious" and subject to strict scrutiny. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

83.    "A statutory classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right." *Nordlinger v Hahn,* 505 U.S. 1, 10 (1992).

84.    Defendants' actions in denying the religious exemptions deprive Plaintiff of the equal protection of the laws guaranteed by the United States Constitution.

85.    At all relevant times, Defendants are responsible for complying with NYS Executive Law § 296, the New York State Human Rights Laws, the New York City Human Rights Laws, the NYS Constitution, and the Free Exercise Clause. The Defendants failed and refused to provide Plaintiff with the option of a reasonable accommodation of his religious observance, practice,

and belief which precludes him from complying with a newly imposed condition of employment disparately affected religious Christians.

86.    The Defendants created policies failed and refused to eliminate the discriminatory policies and practices and remedy the effects in the Plaintiff's situation because he is a Christian.

THE FIRST CAUSE OF ACTION
FOR VIOLATION OF RELIGIOUS LIBERTY UNDER THE FIRST, FIFTH AND
FOURTEENTH AMENDMENTS PURSUANT TO 42 USC §1983 - U.S.
CONSTITUTION) (FREE EXERCISE)

87.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

88.    Defendants, as state actors, have imposed an unconstitutional burden on Plaintiff's exercise of religion through their imposition of the vaccine mandate. The burden imposed on Plaintiff's exercise of religious is substantial, in that the Defendants' mandate discriminates against Plaintiff because of his religion, has caused severe economic distress on Plaintiff and continues to cause Plaintiff enduring mental anguish and emotional distress concerning proximately caused by the vaccine mandate.

89.    The mandate is not neutral to religion and is not generally applicable in that it favors individuals with requests for medical accommodations for exemption to the mandate but does not provide for religious accommodation.

90.    Defendants worked in concert with the NYPD in enforcing vaccine mandate by threatening LWOP, forcing retirement / terminating Plaintiff's employment without regard to his requests for religious exemption to the COVID-19 vaccine policy.

91.    Accordingly, the First, Fifth and Fourteenth Amendments require that Defendants compensate them for any and all damages including compensatory damages, back and front pay,

reputational damages, damages for emotional trauma and distress, punitive damages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest.

**THE SECOND CAUSE OF ACTION**
**FOR VIOLATION OF THE FIFTH AND FOURTEENTH AMENDEMENT'S EQUAL**
**PROTECTION CLAUSE**

92.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

93.    Defendants acting in concert implemented the vaccine mandate and did not provide religious accommodation exemptions to Plaintiff and other similarly situated employees but granted medical accommodation requests.

94.    At all relevant times Defendants actions were taken under color of law.

95.    The individual named Defendants acting as agents, arms, and effectively a targeted a class of persons on the basis of their religion, including Plaintiff.

96.    Defendant failed to engage in an interactive process with Plaintiff and other similarly situated individuals who submitted religious accommodation requests, but to grant medical exemption requests without regard to Plaintiff's rights under the Constitution and Title VII violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, and state and local law.

97.    The process utilized by Defendants to deny all legitimate religious exemptions, while under Title VII must satisfy the unduly burdensome test, must under an equal protection challenge satisfy the much more difficult business necessity test.

98.    Under strict scrutiny, it also must be very narrowly tailored or the least restrictive means for achieving the compelling objective.

99.    Even under the rational basis standard, the targeting of one sector (public employees, namely Christian Police Officers) for denial of religious accommodation is not rational.

100.    By failing to consider reasonable religious accommodations, Defendants have deprived Plaintiff of their constitutionally protected rights to equal protection and religious exercise.

101.    Defendants have engaged in overt acts to deprive Plaintiff of his civil rights by failing to engage in the interactive process and terminating Plaintiff's employment.

102.    Defendants' actions in denying the religious exemptions deprive Plaintiff of the equal protection of the laws guaranteed by the United States Constitution.

<u>THE THIRD CAUSE OF ACTION FOR VIOLATIONS OF 42 U.S.C. § 1983</u>

103.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

104.    All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

105.    All of the aforementioned acts deprived Plaintiff of her rights, privileges and immunities guaranteed to citizens of the United States by the First, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

106.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as City/NYPD employees, with all the actual and/or apparent authority attendant thereto.

107.    All acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of City/NYPD, all under the supervision the City Mayor / NYPD Commissioners and Defendants Varma and Meisenholder and all lower ranking subordinates in the Mayor's office and NYPD.

108.    Defendants, collectively and individually, while acting under color of state/city law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

109.    The acts complained of deprived Plaintiff of her rights to be free of religious discrimination and gender bias at the workplace at the City/NYPD.

110.    Defendant City/NYPD, deprived Plaintiff equal protection under the law based on his religion.

111.    Plaintiff has suffered damages as a result of said violations.

THE FOURTH CAUSE OF ACTION
FOR VIOLATIONS OF 42 U.S.C. § 1983
MONELL LIABILITY

112.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

113.     At all times alleged herein, the individually named employees and named Defendants were employed by City/NYPD, acting on its behalf, and within the scope of their employment.

114.    At all times alleged herein, the individually named employees and named Defendants failed to uphold Plaintiff's religious liberties/rights when it chose to disparately enforce the City/NYPD policies and procedures regarding COVID-19 mandatory employee vaccinations in the workplace.

115.    At all relevant times the individually named Defendants/employees violated Sec. 1983 and the U.S. Constitution when they denied his religious accommodation in an arbitrary and capricious manner and threatened him with LWOP, caused anxiety and distress which forced him to retire / constructively discharged / wrongfully terminated him.

116.    Throughout Plaintiff's employ, Defendants executed official policies enacted/enforced by the individual Defendants to the detriment of Plaintiff's religious rights by denying his

accommodation request to the mandate without a rational basis or any interactive / cooperative dialogue.

117.    At all times alleged herein, the individually named Defendants possessed final decision making authority and were policymakers as defined by Sec. 1983.

118.    Defendants' actions described above directly and proximately have caused and continue to cause Plaintiff to suffer damages.

THE FIFTH CAUSE OF ACTION
FOR RETALIATION UNDER 42 U.S.C. § 1983
AND THE FIRST AMENDMENT

119.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

120.    Plaintiff engaged in protected activities when he requested religious reasonable accommodation to the Defendants' Vaccine Mandate.

121.    Plaintiff engaged in protected activities when he appealed the Defendants' denial of his religious reasonable accommodation to the Defendants' Vaccine Mandate.

122.    As described herein, Plaintiff experienced retaliation was threatened with LWOP, forced to use accruals, submit early retirement /constructively discharged / wrongfully terminated.

123.    By the acts and practices above, the Defendants retaliated against Plaintiff for engaging in protected activities, in violation of 1983 and the First Amendment.

124.    Defendants' actions described above directly and proximately have caused and continue to cause Plaintiff to suffer damages.

THE SIXTH CAUSE OF ACTION
FOR VIOLATION OF THE NEW YORK CONSTITUTION ARTICLE I, §6-7

125.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

126.    Under NY Constitution Article I, §6 the state may not infringe on certain enumerated rights.

127.    Under NY Constitution Article I, §7 no person may be deprived of life, liberty, or property without due process of the law.

128.    Defendants violated Plaintiff's right to religious liberty by discriminating on the basis of religion when they denied Plaintiff's religious accommodation request and refused to permit religious accommodations without a rational basis.

129.    Defendants failed to provide Plaintiff due process in their arbitrary and capricious determination to deny Plaintiff's religious accommodation.

130.    Plaintiff had a property interest in continued employment. Respondents violated Petitioner's substantive due process rights.

131.    The Vaccine Mandate was not reasonably related the ends sought to be achieved.

132.    Defendants' Vaccine Mandate constitutes a deprivation of property under due process of law.

133.    It is well settled that the COVID vaccines failed to accomplish its stated purpose (prevent transmission of the virus) and that being vaccinated does not prevent an individual from contracting or transmitting Covid-19.

134.    Defendants denied Plaintiff his rights under NY Const. Article I, §7.

### THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK CONSTITUTION ARTICLE I, §11 FOR EQUAL PROTECTION UNDER THE LAW

135.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

136.     Under the NY Constitution Article 1, §11 "No person shall be denied the equal protection of the laws of this state or any subdivision thereof."

137.     According to the New York Constitution: "No person shall, because of race, color, creed or religion, be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or sub division of the state."

85. By reason of the aforementioned acts, policies, practices, customs and procedures created, adopted, and enforced under color of state law, Defendants discriminated against Plaintiff because he is a Christian in violation of the laws.

138.     Plaintiff will not participate and allow this to continue in violation of the Equal Protection of Laws Clause of the New York Constitution.. Defendants violated Plaintiffs right to freely exercise his religion by mandating an invasive medical treatment that substantially interferes with Plaintiffs right to the free exercise of his religion and altering the accommodation process to leave Plaintiff with no option but to lose his livelihood.

139.     Defendants violated Plaintiff's right to religious liberty and violated federal/state/local law when they denied Plaintiff's religious accommodation request.

140.     Plaintiff as in individual seeking a religious accommodation in the form of an exemption to the COVID-19 Vaccine Mandate was treated differently than individuals seeking medical exemption to the COVID-19 Vaccine Mandate under NYPD's enforcement of the City's Vaccine Mandate.

141.     Defendants denied Plaintiff's rights for equal protection under NY Const. Article I, §11.

<u>THE EIGHTH CAUSE OF ACTION DISCRIMINATION UNDER
NEW YORK STATE HUMAN RIGHTS LAW
(AGAINST ALL DEFENDANTS)</u>

142.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

143.    Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

144.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff based on religion, requests for religious accommodation.

145.    Plaintiff hereby makes a claim against all Defendants under all of the applicable paragraphs of Executive Law Section 296.

THE NINTH CAUSE OF ACTION
NEW YORK STATE HUMAN RIGHTS LAW

146.    Plaintiff suffered damages as a result and Plaintiff seeks damages as a result of Defendants' unlawful conduct. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

147.    New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

148.    Defendants engaged in an unlawful discriminatory practice by creating a hostile work environment based on religion and wrongfully retaliating against Plaintiff.

149.    Plaintiff suffered damages as a result.

THE TENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
NEW YORK STATE HUMAN RIGHTS LAW

150.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

151.    New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

152.    Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

153.    Plaintiff suffered damages as a result.

THE ELEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE

154.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

155.    The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to

bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

156.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's religion and prior complaints.

157.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

158.    Defendants violated the above section as set forth herein.

159.    Plaintiff suffered damages as a result.

THE TWELFTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE

160.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

161.    The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

162.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

163.    Defendants violated the above section as set forth herein.

164.    Plaintiff suffered damages as a result.

## THE THIRTEENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

165.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

166.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

167.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

168.    Plaintiff suffered damages as a result.

## THE FOURTEENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

169.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

170.    Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or

enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

171.    Defendants violated the above section as set forth herein.


### THE FIFTEENTH CAUSE OF ACTION
### FOR FAILURE TO ENGAGE IN COOPERATIVE DIALOUGE FOR REASONABLE ACCMMODATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

172.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint. Section 8-107(28) Entitled Reasonable Accommodation; cooperative dialogue, provides "Reasonable accommodation; cooperative dialogue.   (a)   Employment. It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation: (1)  For religious needs as provided in subdivision 3 of this section;  (2)   Related to a disability as provided in subdivision 15 of this section;   (3)   Related to pregnancy, childbirth or a related medical condition as provided in subdivision 22 of this section; or (4)   For such person's needs as a victim of domestic violence, sex offenses or stalking as provided in subdivision 27 of this section. …   (d)   Upon reaching a final determination at the conclusion of a cooperative dialogue pursuant to paragraphs (a) and (c) of this subdivision, the covered entity shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or denied. (e)   The determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the

covered entity has attempted to engage, in a cooperative dialogue. (f)   Rights and obligations set forth in this subdivision are supplemental to and independent of the rights and obligations provided by subdivisions 3, 15, 22 and 27. A covered entity's compliance with this subdivision is not a defense to a claim of not providing a reasonable accommodation under provisions of title 8 other than this subdivision.

173.    Defendants violated the above section as set forth herein.

174.    Plaintiff suffered damages as a result.

THE SIXTEENTH CAUSE OF ACTION
FOR SUPERVISORY LIABILITY UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE

175.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

176.    Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the

employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct

177.    Defendants violated the above section as set forth herein.

## DEMAND FOR A JURY TRIAL

178.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and inwillful violation of the aforementioned federal; and state and city laws;

B.    Awarding Plaintiff compensatory damages;

C.    Awarding Plaintiff punitive damages;

D.    Statutory Damages;

E.    Awarding Plaintiff costs and disbursements incurred in connection with this action,including reasonable attorneys' fees, expert witness fees, and other costs;

F.    Pre-judgment and post-judgment interest, as provided by law; and

G.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
        January 6, 2025

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ. (CB1988)
BERLINGIERI LAW, PLLC

Attorney for Plaintiff
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:    (347) 766-5185
Fax:    (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

For Reasonable Accommodations based on Disability, you may be required to provide verification by a health professional or a disability service provider (e.g., ACCESS-VR, NYS Commission for the Blind and Visually Impaired, etc.)

## This CONFIDENTIAL documentation must be provided to the Equal Employment Opportunity Division

Documentation **must**:

- Be written on official letterhead of the qualified health professional or health professional's organization.
- Identify the health professional's credentials (e.g., M.D., D.O., etc.).
- Be dated and signed by the health professional.
- Describe the severity of the disability and its limitations, in detail, as they currently exist and only in relationship to the job.
- State whether the duration of disability is permanent or temporary or unknown.
  - If temporary, specify the date the disability is expected to no longer require accommodation.
- Indicate the extent to which the accommodation will permit you to perform the essential functions of the job or to enjoy the benefits and privileges of employment.

I certify that I have read and understood the information provided in this request, and that it is true to the best of my knowledge, information, and belief.

Requesting Employee's Signature: _____    Date: _____10/24/20_____

Upon completion of SECTION I, submit this form to your IMMEDIATE SUPERVISOR

## WE ARE AN EQUAL OPPORTUNITY EMPLOYER



**REASONABLE ACCOMMODATION REQUEST
FOR EMPLOYEES**
PD 407-015A (Rev. 08-21)

## CONFIDENTIAL

| FOR EEOD USE ONLY |
|---|
| RA No. _____ |
| Date Request Received: _____ |

The New York City Police Department will make reasonable accommodations to qualified employees with disabilities, religious beliefs/practices/observances, those who are pregnant and/or recovering from childbirth or a related medical condition, and victims of domestic violence, sex offenses, or stalking unless providing such accommodations would impose undue hardship.

**SECTION I** – Employee must complete each caption legibly and accurately.

| Rank/Title | Name | |
|---|---|---|
| POLICE OFFICER | GRABHORN, ADAM D | |

| Command (no abbreviations) | Tax Number |
|---|---|
| POLICE SERVICE AREA 9 | 945782 |

Address
155-09 JEWEL AVE FLUSHING NY, 11367

| Home Phone No. | Cell Phone No. |
|---|---|
| 631-383-4915 | 929-354-7695 |

Best E-mail Address
ADAM.GRABHORN@NYPD.ORG

Basis of reasonable accommodation request:

☐ Disability

☑ Religious

Describe your religious belief/practice/observances and identify the accommodation(s) you request: the religious belief that i uphold is that of the Christian faith based on the holy bible and i am requesting accommodation in regards to the covid-19 vaccine mmandate.

☐ Status as Victim of Domestic Violence, Sex Offenses or Stalking
☐ Pregnancy, Childbirth, or a Related Medical Condition

**WE ARE AN EQUAL OPPORTUNITY EMPLOYER**

Identify the situation which requires accommodation:
**Please be specific. Attach additional sheets of paper, if necessary**

The situation that needs to be accommodated is that of being mandated to take the covid-19 vaccine or anyother vaccine to be forced into my body. i believe that the scriture for which my faith resides in is the inspired, infallible and authoritative word of God as cited in 2nd Timothy 3: 16-17. As a christian we have the responsibility to keep our bodies sacred from all outside influance including that of food, vaccines , or anything that keeps the body from being unholy an pure. (1 Corinthians 3: 16-17). In additon my belief of Jesus being the essance and everything i need and if i ask of anything or need anything it would be provided. (Matthew 7: 7). I hold fast to the statement for which my lord made when he stated on his sermon on the mount in (Matthew 6: 25-34) which is satated not to worry about anything in this life for Jesus our lord an savior will provide us with everything one needs in this life.

Is the condition for which you are requesting an accommodation:

☐ Permanent        ☑ Temporary        ☐ Unknown

If temporary, anticipated date accommodation(s) no longer needed: _____

Describe the nature of reasonable accommodation requested and how the accommodation will assist you to perform the essential functions of the position held or desired, or to enjoy the benefits and privileges of employment. Please be specific. (Attach additional sheets and present supporting documentation as appropriate).

This accommodation request will assist me in performing my essential duties as a police offcier as it has for my entire career thus far. As someone who believes that what the scriptures say is infallible we are commanded by our savior Jesus to ask for what we need and it will be given, this includes the healing of ones body provided by nature and that of prayer. ( Matthew 7: 7-8 and James 5: 14-15). The blood which is in us is the sacred life of everything and given to us by God  our bodies which are made in the image of God are to remain pure as it is a temple of Gods holy spirit which dwells in us. (Genesis 1:26-27, 1 Corinthians 6:19) Taking the covid 19 vaccine or being mandated or froced to take any other, would violate the belief i have in defiling my body. I hold fast to the faith that  i have in Jesus that nothing is impossible when your faith is put in the very manifested word of the living God which is to include the healing of ones sickness. This is no more clearly expressed then in (Mark 5: 25-34), when a woman suffering from a bleeding aliment for 12 years who was seen by mutliple doctors and never got any better. This was until she was healed by Jesus and  the sincere faith she had in Jesus healed her (Mark 5: 34).

If equipment is requested, please specify brand, model number, and vendor, if known.

**· WE ARE AN EQUAL OPPORTUNITY EMPLOYER**

# EXHIBIT B

**From:** MEOLeave
**Sent:** Thursday, July 14, 2022 9:56 AM
**Subject:** RA DENIAL FROM DCAS
**Importance:** High

**\*\*FIRST NOTICE OF RA DENIAL FROM MEO LEAVE\*\***

**\*\*VACCINATIONS ARE BEING OFFERED TODAY 7/14/2022 AT LEFRAK, INFORMATION PURPOSE\*\***

Member of the Service:

As you are aware, the City has issued several orders mandated vaccination against COVID-19 for city employees. As a condition of employment, all new hires must be fully vaccinate against COVID-19. Additionally, the New York City Health Commissioner has issued an order mandating COVID-19 vaccination for all City employees.

This communication is to advise you that the Department has been informed that you received a final decision on your application for a reasonable accommodation from the City's COVID-1 vaccination requirement. Your appeal has been denied and you will be placed on leave without pay (LWOP), effective **Wednesday, July 20, 2022**, if you do not come into compliance with the Healt Commissioner's Order by receiving at least one dose of a COVID-19 vaccine and uploading proof into the Central Personnel Resource (CPR) System **by end of day Tuesday, July 19, 2022.** You wi be returned from LWOP after providing this proof.

Further, if you do not submit proof of at least one dose of a COVID-19 vaccine into the CPR system by the end of day **Friday, July 22, 2022, the City of New York will terminate your employment.**

If you do receive one dose of a two dose COVID-19 vaccine you must upload proof of your second dose into the CPR system within 45 days of receipt of your first dose. Failure to do so will result i the City of New York terminating your employment.

As per current CDC recommendations, unvaccinated members or members who have only received the first dose of a two-dose vaccination series who are returning to the workplace from a confirme infection of COVID-19 can be vaccinated for COVID-19 at the end of their isolation period. Members who have been recipients of monoclonal antibodies are exempt from receiving the COVID-1 vaccine for 90 days after receiving the treatment. Questions concerning this guidance should be directed to the Medical Division at 718-760-7600.

Inquiries or issues concerning information within CPR can be directed to the Personnel Bureau CPR System Support Unit at (646) 610-5489 during regular business hours or via email a CPR_PBSupport@nypd.org. Technical difficulties should be directed to the Information Technology Bureau Help Desk at (646) 610 6473.

Members can find the schedule and locations for Department-provided vaccinations on the intranet portal: https://covid19.nypd.org/health.

Additionally, members of the service can use the New York City COVID-19 Vaccination Finder to find a City-run vaccination center at https://vaccinefinder.nyc.gov/.

If you believe you received this communication in error, please contact the Personnel Bureau at meoleave@nypd.org.

# FLU SHOTS & COVID-19 VACCINATIONS, INCLUDING 1ST AND 2ND BOOSTERS OF PFIZER, JOHNSON & JOHNSON, AND MODERNA

IN ADDITION TO ALL ACTIVE UNIFORMED AND CIVILIAN MEMBERS OF THE SERVICE, THE NYPD MEDICAL DIVISION WILL NOW BE VACCINATING THE FOLLOWING INDIVIDUALS:

1) ANY RETIRED MEMBER OF THE SERVICE (UNIFORM AND CIVILIAN) WHO IS A U.S. RESIDENT;

2) AN IMMEDIATE FAMILY MEMBER (AS DEFINED BELOW\*) OF AN ACTIVE OR RETIRED MEMBER OF THE SERVICE (UNIFORM AND CIVILIAN) WHO IS A U.S. RESIDENT, 12 YEARS OR OVER (18 AND OVER FOR THE J&J VACCINE).

FOR THE PURPOSE OF THIS MEMO, AN IMMEDIATE FAMILY MEMBER\* IS DEFINED AS:

ANY ELIGIBLE\* RELATIVE (INCLUDES COMMON-LAW AND CIVIL UNIONS) RESIDING IN THE SAME HOUSEHOLD OF A MOS (ACTIVE OR RETIRED), OR

ANY ELIGIBLE\* PARENT, PARENT-IN-LAWS, OR GRANDPARENT.

AN ELIGIBLE\* INDIVIDUAL MUST BE A U.S. RESIDENT AND 12 YEARS OLD OR OLDER (18 AND OVER FOR THE J&J VACCINE).

ALL MOS (ACTIVE AND RETIRED) MUST HAVE THEIR DEPARTMENT-ISSUED IDENTIFICATION CARD.

ELIGIBLE RETIRED MOS AND ELIGIBLE IMMEDIATE FAMILY MEMBERS MUST BRING A VALID DRIVER'S LICENSE OR GOVERNMENT-ISSUED IDENTIFICATION INDICATING THEIR US ADDRESS AND DATE OF BIRTH.

NOTE: MOS MUST ESCORT THEIR IMMEDIATE FAMILY MEMBERS TO THE VACCINATION SITES ON THEIR OWN PERSONAL TIME.

ALL INDIVIDUALS RECEIVING A VACCINE MUST COMPLETE A *"NYS IMMUNIZATION SCREENING AND CONSENT FORM"*.

**FLU VACCINATIONS WILL BE AVAILABLE TO ACTIVE MOS ONLY.**

**NO APPOINTMENT IS NECESSARY AT ANY OF THE LOCATIONS. COVID-19 VACCINATIONS WILL BE AVAILABLE AT THE FOLLOWING LOCATIONS:**

**THURSDAY, JULY 14, 2022 DURING THE HOURS OF 0900 X 1700 AT**
1 LEFRAK PLAZA, 16th Floor (5917 JUNCTION BLVD, CORONA)

IT IS REQUESTED THAT ALL MOS (UNIFORM AND CIVILIAN) IN CIVILIAN ATTIRE, WEAR THEIR DEPARTMENT-ISSUED IDENTIFICATION CARD ON THEIR OUTERMOST GARMENT.

THE FIRST AND SECOND DOSES OF PFIZER AND MODERNA ARE NOT INTERCHANGEABLE.

HOWEVER, CDC'S RECOMMENDATIONS NOW ALLOW FOR MIX AND MATCH DOSING OF BOOSTER SHOTS.

MOS ARE ELIGIBLE FOR BOOSTER SHOTS 2 MONTHS AFTER RECEIVING A JOHNSON AND JOHNSON VACCINE OR 6 MONTHS AFTER THEY RECEIVED THEIR 2ND DOSE OF THE PFIZER OR MODERNA VACCINE.

(2ND BOOSTER) CDC HAS UPDATED ITS RECOMMENDATIONS TO ALLOW <u>CERTAIN IMMUNOCOMPROMISED INDIVIDUALS AND PEOPLE OVER THE AGE OF 50</u> WHO RECEIVED AN INITIAL BOOSTER DOSE AT LEAST 4 MONTHS AGO TO BE ELIGIBLE FOR THE 2ND mRNA BOOSTER(PFIZER OR MODERNA). IN ADDITION, ADULTS WHO RECEIVED A PRIMARY VACCINE OF JOHNSON & JOHNSON AND BOOSTER DOSE AT LEAST 4 MONTHS AGO MAY NOW RECEIVE A 2ND BOOSTER DOSE OF AN mRNA BOOSTER(PFIZER OR MODERNA).

PLEASE NOTE THAT WE WILL **NOT** BE ADMINISTERING VACCINES OR BOOSTERS TO CHILDREN UNDER THE AGE OF 12. NO EXCEPTIONS. PLEASE SEE A PEDIATRICIAN OR URGENT CARE FOR THIS AGE GROUP.

AUTHORITY OF: COMMANDING OFFICER, MEDICAL DIVISION

**Mayor's Executive Order Leave Desk**
One Police Plaza, Room 1208
New York, NY 10038
1-(646)-610-5878

*This transmission may contain confidential or privileged information, which is intended only for use by the individual or entity to which the transmission is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, dissemination, copying or distribution of the transmission is strictly prohibited. If you receive this transmission in error, please notify the sender and delete the transmission.*

*Please treat this and all other communications from the New York City Police Department as LAW ENFORCEMENT SENSITIVE / FOR OFFICIAL USE ONLY.*